UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                     CRIMINAL NO. 07-165 (ADM/JSM)

    Plaintiff,

v.                                                                            REPORT AND
                                                                                           RECOMMENDATION

TODD RICHARD LADOUCER (1),

    Defendant.

JANIE S. MAYERON, United States Magistrate Judge

The above matter came on before the undersigned upon defendant Todd Richard Ladoucer's Motions to Dismiss Indictment due to Ineffective Counsel [Docket No. 83], to Dismiss Indictment F.R.Cr.P. 12(b)(2) [Docket No. 84], to Dismiss Indictment Due to Investigatory Misconduct and/or Prosecutory Misconduct [Docket No. 86], to Dismiss Indictment Due to Misconduct Before the Grand Jury [Docket No. 93], 6(E)(11) - 12.(3)(A) - 12.(G) Motion to Dismiss Indictment [Docket No. 96], to Suppress All Electronic, Video, Wire, Oral and Computer Evidence [Docket No. 149], to Suppress Evidence [Docket No. 150], to Dismiss Indictment [Docket No. 151],[1] to Suppress Videotape [Docket No. 168], to Remove Surplussage [sic] from the Indictment in Additional Support of Motion to Dismiss [Docket No. 169], and for Dismissal of Indictment and All Related Charges [Docket No. 172].  For the following reasons, it is recommended that:

---

[1]    Although docketed separately, Docket Nos. 150 and 151 are identical.

1. Defendant Todd Richard Ladoucer's Motion to Dismiss Indictment due to Ineffective Counsel [Docket No. 83] be **DENIED**.

2. Defendant Todd Richard Ladoucer's Motion to Dismiss Indictment F.R.Cr.P. 12(b)(2) [Docket No. 84] be **DENIED**.

3. Defendant Todd Richard Ladoucer's Motion to Dismiss Indictment Due to Investigatory Misconduct and/or Prosecutory Misconduct [Docket No. 86] be **DENIED**.

4. Defendant Todd Richard Ladoucer's Motion to Dismiss Indictment Due to Misconduct Before the Grand Jury [Docket No. 93] be **DENIED**.

5. Defendant Todd Richard Ladoucer's 6(E)(11) - 12.(3)(A) - 12.(G) Motion to Dismiss Indictment [Docket No. 96] be **DENIED**.

6. Defendant Todd Richard Ladoucer's Motion to Suppress All Electronic, Video, Wire, Oral and Computer Evidence [Docket No. 149] be **DENIED** in part and **GRANTED** in part.

7. Defendant Todd Richard Ladoucer's Motion to Suppress Evidence [Docket No. 150] be **DENIED**.

8. Defendant Todd Richard Ladoucer's Motion to Dismiss Indictment [Docket No. 151] be **DENIED**.

9. Defendant Todd Richard Ladoucer's Motion to Suppress Videotape [Docket No. 168] be **DENIED** in part and **GRANTED** in part.

10. Defendant Todd Richard Ladoucer's Motion to Remove Surplussage [sic] from the Indictment in Additional Support of Motion to Dismiss [Docket No. 169] be **DENIED**.

11. Defendant Todd Richard Ladoucer's Motion to Dismissal of Indictment and All Related Charges [Docket No. 172] be **DENIED**.

I. **BACKGROUND**

A more complete rendition of the facts of this case is found in the Court's Report and Recommendation dated August 30, 2007. For the purposes of this Report and Recommendation, the relevant facts are as follows. In the Fall of 2006, the St. Paul Police Department and the Bureau of Alcohol, Tobacco and Firearms ("ATF") set up a storefront operation on the east side of St. Paul to deal with some of the ongoing crime problems on the east side. ATF and the St. Paul Police Department utilized a confidential informant ("CI"), who secured a business and moved in some of his personal belongings with the intention of operating a thrift store. The store was equipped with cameras, which were made to look like motion detectors, and microphones. During the course of the operation, the CI became acquainted with Ladoucer. The current charges against Ladoucer stem from a transaction with the CI involving stolen firearms, a portion of which occurred at the storefront operation.

On September 18, 2007, a federal grand jury returned a Second Superseding Indictment, charging Ladoucer with one count each of Sale of a Stolen Firearm, in violation of 18 U.S.C. §§ 2, 922(j) and 924(a)(2), Sale of a Firearm to a Prohibited Person, in violation of 18 U.S.C. §§ 2, 922(d) and 924(a)(2), and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

Ladoucer was first represented by Paul Schneck, Esq. in this case. On August 17, 2007, Schneck moved to withdraw as Ladoucer's attorney [Docket No. 77], and Ladoucer sought to have Schneck removed as his counsel [Docket No. 78]. The Court

granted the motion and request [Docket No. 79], and Tom Plunkett, Esq. was appointed to represent Ladoucer [Docket No. 94]. Ladoucer then requested permission to proceed pro se, and on September 25, 2007, District Court Judge Ann D. Montgomery granted his request and permitted him to represent himself without standby counsel. [Docket No. 111].

## II.     ANALYSIS

For ease of analysis, the Court has grouped Ladoucer's motions into two categories, motions to dismiss the indictment and motions to suppress evidence.

### A.     Motions to Dismiss the Indictment

Ladoucer moved to dismiss the indictment due to ineffective counsel, stating that his second appointed attorney, Tom Plunkett, did not have his best interests in mind, and that his first appointed attorney, Paul Schneck kept him in the dark. Def. Mot. to Dismiss Indictment Due to Ineffective Counsel, pp. 1-2. [Docket No. 83]. On this basis, Ladoucer believes his Sixth Amendment right to counsel has been violated since his arrest, and asks the Court dismiss the indictment.

Ladoucer's motion fails for several reasons. First, to show ineffective assistance of counsel, a "defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense." United States v. Watkins, 486 F.3d 458, 465 (8th Cir. 2007) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). Consequently, "[t]o show deficient performance, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.' To establish prejudice, '[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

4

been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 687-88, 694). Ladoucer has not presented any information regarding deficient performance of the attorneys appointed to represent him or that the results of the proceedings to date would have been different. Consequently, there is no basis to find that he received ineffective assistance of counsel.

Second, Ladoucer's motion is premature. Ladoucer requested that both of his attorneys be discharged and that he be allowed to represent himself. Ladoucer's case has not yet proceeded to trial. There is no evidence before this Court to show that he has suffered any prejudice as the result of any ineffective assistance that he received prior to representing himself. See United States v. Adams, 2004 WL 1118587 at *6 (D.Minn. May 14, 2004) ("Any prejudice suffered by defendant due to actions of his first counsel has been adequately remedied by the appointment of new counsel and the opportunity to withdraw his plea and proceed to trial in this matter. The indictment will not be dismissed on this ground.").

Third, even assuming that Ladoucer's Sixth Amendment right to effective assistance of counsel was violated, dismissal of the indictment would not be the proper remedy. In holding that dismissal of the indictment is inappropriate where a Sixth Amendment deprivation has had no adverse impact upon the criminal proceedings, the Supreme Court stated that "absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate…[t]he remedy in the criminal proceeding is limited to denying the prosecution the fruits of its transgression." United States v. Morrison, 449 U.S. 361, 365-366 (1981). Here, the alleged ineffective

5

assistance of counsel has not adversely impacted the proceedings in this case, and Ladoucer has not demonstrated prejudice – his trial has not yet occurred and his request to represent himself has been granted.  See also United States v. Kriens, 270 F.3d 597, 602 (8th Cir. 2001) ("Absent an actual or substantial threat of prejudice dismissal [of an indictment] is inappropriate for Fifth or Sixth Amendment violations.") (citation omitted); United States v. Solomon, 679 F.2d 1246, 1250-51 (8th Cir. 1982) (motion to dismiss indictment denied where the alleged Sixth Amendment violation had no adverse impact and no prejudice was evident).  Ladoucer's motion to dismiss the indictment on the grounds of ineffective assistance of counsel should be denied.

Ladoucer next moved to dismiss the indictment based on Rule 12(b)(2) of the Federal Rules of Criminal Procedure, arguing that the indictment is vague.  Def. Mot. to Dismiss Indictment F.R.Cr.P. 12(b)(2), p. 1.  [Docket No. 84].  This motion is without merit.  In Hamling v. United States, 418 U.S. 87, 117-118, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1973), the Supreme Court found that an indictment is sufficient if it contains the elements of the offense charged, fairly informs a defendant of the charge against which he must defend, and enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense.  The Second Superseding Indictment in this case sets forth each charge in detail and follows the language of the statutes under which the offenses are charged.  "As a general rule an indictment is sufficient if it sets forth the offense in the words of the statute itself."  United States v. Parisien, 515 F.Supp. 24, 26 (8th Cir. 1981) (citing Hamling, 418 U.S. at 117 (1974); United States v. Young, 618 F.2d 1281, 1286 (8th Cir. 1980)).  Furthermore, this Court previously denied Ladoucer's Motion for a Bill of Particulars on similar grounds, finding

6

that the indictment set forth the essential facts constituting the offenses of sale of a stolen firearm and sale of a firearm to a prohibited person. See Order dated August 30, 2007, pp. 9-14 [Docket No. 89]; aff'd in Judge Montgomery's Mem. Op. and Order dated October 17, 2007, p.15 [Docket No. 171] ("the Second Superseding Indictment adequately sets forth the intent necessary for the charged offenses"). Therefore, the Court recommends that Ladoucer's motion to dismiss the indictment for vagueness be denied.

Additionally, Ladoucer filed a number of motions seeking dismissal of the indictment against him based upon his allegation that Special Agent Hromyak provided false testimony to the grand jury, and that the Government committed prosecutorial misconduct by allowing the false testimony to be presented to the grand jury, violating Ladoucer's Fourteenth Amendment rights. Def. Mot. to Dismiss Indictment Due to Misconduct Before the Grand Jury by ATF Agent Andrew Kenneth Hromyak, pp. 2-3 [Docket No. 93]; Def. Rule 6(E)(11)-12.(3)(A)-12.(G) Motion to Dismiss Indictment, p. 1-2 [Docket No. 96][2]; Def. Motion to Suppress Evidence and Dismiss Indictment, p. 1-3 [Docket No. 151]; Motion for Dismissal of Indictment and All Related Charges, p. 1-5 [Docket No. 172]. Ladoucer also filed a general motion to dismiss the indictment due to investigatory and prosecutorial misconduct, claiming that the prosecutor and an ATF agent (presumably Special Agent Hromyak) helped the real perpetrators of the crimes for which he is charged, go free. [Docket No. 86].

Ladoucer pointed to several instances where Special Agent Hromyak's testimony allegedly conflicted with the statements of the CI. For instance, Ladoucer argued that

---

[2]   The language of the motions in Docket Nos. 93 and 96 is duplicative.

7

Special Agent Hromyak testified that the informant said he was going to meet with Ladoucer to pay for the guns, and the CI's written statement states that the CI paid another individual for the guns. October 1, 2007 Hearing Transcript, p. 64; Pro Se Exs. 1-3. Ladoucer's written motions also contain what he alleged to be Special Agent Hromyak's perjured testimony when compared with the statements of the CI.

Ladoucer takes the position that because Special Agent Hromyak's testimony and the statements of the CI in this case conflict with one another, Special Agent Hromyak perjured himself before the grand jury. However, conflicting statements do not necessarily constitute false or perjured testimony. See United States v. Puckett, 147 F.3d 765, 771 (8th Cir. 1998) (upheld district court's denial of motion to dismiss indictment where it was not shown that the indictment was based on perjured testimony and because the fact that there was a conflict between witnesses did not in itself undermine probable cause). Further, "perjury requires that a person knowingly make false declarations, that is, make such statements intentionally and voluntarily as distinguished from mistakenly, accidentally or inadvertently." United States v. Levine, 700 F.2d 1176, 1180 (8th Cir. 1983) (citation omitted).

The only evidence that Ladoucer presented to the Court in support of his argument that Special Agent Hromyak perjured himself before the grand jury were the two statements by the CI and the grand jury testimony of Special Agent Hromyak. See Pro Se Exs. 1-3. However, there is nothing in these exhibits to support a claim of perjury. At best, all that can be said is that Special Agent Hromyak's testimony to the grand jury included substantially more information that that which was contained in the statements of the CI. But more or even different information does not lead to a

conclusion that he deliberately made statements that he knew to be false to the grand jury. Apart from his own allegations, Ladoucer does not present the Court with any other evidentiary support for the proposition that Special Agent Hromyak knowingly made false statements to the grand jury. As such, the Court cannot conclude on this record that Special Agent Hromyak committed perjury.

Additionally, even if Special Agent Hromyak's testimony was mistaken, "misstatements or mistakes alone [do not] justify the dismissal of an indictment which is valid on its face." Levine, 700 F.2d at 1180. See also United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1999) (statements were made based on testifying police officer's belief at the time, and misstatements or mistakes alone do not justify the dismissal of an otherwise valid charge).

Finally, assuming Ladoucer could show that Special Agent Hromyak committed perjury, which Ladoucer did not do, dismissal of the indictment would not necessarily result, assuming there was sufficient accurate information to support the indictment. "'As long as there is some competent evidence to sustain the charge issued by the Grand Jury, an indictment should not be dismissed.'" Levine, 700 F.2d at 1180 (quoting Truchinski v. United States, 393 F.2d 627, 633 (8th Cir. 1968). Ladoucer has not presented evidence or argument that there was a lack of any other evidence presented to the grand jury to support the indictment. See United States v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985) (where it was not shown that FBI agent's statements rose to the level of perjury, and defendant did not show that that the grand jury heard no evidence competent to sustain the charge, it was proper for district court to deny motion to dismiss indictment).

9

Having failed to show that Special Agent Hromyak's testimony was false or perjured in any way, Ladoucer's companion argument that the Government committed prosecutorial misconduct by allowing false or perjured testimony to be presented to the grand jury, is also without merit. See Levine, 700 F.2d at 1180 ("[W]here there is no evidence that the witness actually committed perjury during his grand jury appearance, due process does not require actions on the part of the prosecutor even when subsequent events cast doubt on the credibility of the witness.") (citing United States v. Guilette, 547 F.2d 743, 752-53 (2nd Cir.1976)). Therefore, the Court recommends that Ladoucer's motion to dismiss the indictment on grounds that Special Agent Hromyak committed perjury and the Government committed prosecutorial misconduct be denied.[3]

Finally, Ladoucer moved the Court to remove surplusage from the indictment, arguing that the inclusion of his past criminal record in the indictment was inflammatory, and that his past crimes are not relevant to the offenses currently charged. Def. Mot. to Remove Surplusage, p. 1. [Docket No. 169]. This argument lacks merit. "'A motion to strike surplusage from an indictment…should be granted only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter.'" United States v. Michel-Galaviz, 415 F.3d 946, 948 (8th Cir. 2005) (quoting Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962)). One of the charges against Ladoucer is Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), which makes it unlawful for any person who has

---

[3] Although the allegedly conflicting statements do not provide grounds upon which to dismiss the indictment against him, Ladoucer is free to argue the differences between Special Agent Hromyak's grand jury testimony and the CI's statements at his trial. As Judge Montgomery stated in her Memorandum Opinion and Order dated October 17, 2007 [Docket No. 171], "defendant may use prior inconsistent statements [between the CI and Special Agent Hromyak] to impeach witnesses at trial." Id. at p. 13.

10

been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. Ladoucer's criminal history forms the basis of the charge against him, and as such, is clearly relevant to this charge. Ladoucer's motion to strike surplusage should be denied.

### B. Motions to Discover and Suppress Video and Audio Recordings and Evidence

Ladoucer moved for both discovery of and to suppress all electronic, video, wire, oral and computer evidence in this case on a variety of different grounds. In his first motion, he sought discovery of and suppression of video recordings and surveillance tapes, audio recording tapes, pen register records, computer discs, written records relating to the evidence, copies of subpoenas used to obtain this evidence, and copies of any expert testimony or examination reports relating to this evidence. Def. Mot. for Suppression, pp. 1-2. [Docket No. 149]. The grounds for suppression are that Ladoucer believes the evidence is the "fruit of an unlawful act." Id. at p. 1.

Ladoucer's motion should be denied for several reasons. First, discovery of the items listed in his motion have previously been sought by him and ruled upon by this Court. See Order dated August 30, 2007 [Docket No. 89] addressing Ladoucer's Motions for Discovery [Docket No. 26] and for Discovery and Inspection of Products and Records of Electronic Surveillance [Docket No. 29].[4] Ladoucer has offered no basis for asking this Court to revisit the discovery of these same items.

---

[4] In response to these motions, the Government represented that it had complied with its Rule 16 obligations, and that Ladoucer had been given everything in the Government's possession with regard to audio and video recordings. Govt's Response to Ladoucer's Motions, pp. 3-5. [Docket No. 63]. In addition, at the hearing on July 3, 2007, counsel for Ladoucer stated he was satisfied with the Government's response to his discovery motions and the information he had received from the Government, save

11

Second, with regard to suppression of the evidence listed in his motion, Ladoucer provided no basis for suppression other than his unsubstantiated belief that the evidence is the fruit of an unnamed unlawful act. The Court cannot independently ascertain any basis for suppression. His motion to suppress the evidence should be denied.

Additionally, Ladoucer moved to suppress the surveillance videotape from the storefront. [Docket No. 168].[5] He claims that the storefront was not a true business, and the videotaping was illegal. Def. Mot. to Suppress Videotape, p. 1. [Docket No. 168]. He also claimed that his Fourth Amendment rights were violated when the Government illegally recorded his video images without his prior knowledge or approval. Id. Again, Ladoucer simultaneously requested discovery of the videotape so that he can review it. Id. pp. 2-3.

"[A] defendant does not have a privacy interest in matters voluntarily revealed to a government agent, including a confidential informant." United States v. Davis, 326 F.3d 361, 365 (2d Cir. 2003) (citing Hoffa v. United States, 385 U.S. 293, 302 (1966)). "[T]his Court uniformly has held that the application of the Fourth Amendment depends on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." Smith v. Maryland, 442 U.S. 735, 740 (1979) (citations omitted).

---

for production of all video recordings made at the store. July 3, 2007 Hearing Transcript, p. 22.

[5]   This Court notes that Ladoucer had previously brought a Motion to Suppress Evidence Obtained as a Result of Search and Seizure. [Docket No. 32]. However, the grounds for this motion were different than the grounds raised here by Ladoucer, and so the Court will address the substance of the instant motion.

12

Accordingly, even if Ladoucer had a subjective expectation of privacy at the store, such an expectation would not be justifiable, reasonable, or legitimate. Regardless of the purpose behind its creation, the store was a public place. It was open to the public, and the public transacted business in the store. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." Katz v. United States, 389 U.S. 347, 351 (1967) (citations omitted). Furthermore, "[v]ideo surveillance does not in itself violate a reasonable expectation of privacy. Videotaping of suspects in public places, such as banks, does not violate the fourth amendment; the police may record what they normally may view with the naked eye." United States v. Taketa, 923 F.2d 665, 677 (9th Cir. 1991). See also Rodriguez v. United States, 878 F.Supp. 20, 24 (S.D.N.Y.1995) ("[A]s the activity monitored by the video surveillance occurred entirely within a public place, Rodriguez had no reasonable expectation of privacy on the public street."). Ladoucer did not have a reasonable expectation of privacy at the store, and his motion to suppress the videotape surveillance on Fourth Amendment grounds should be denied.

Ladoucer also asked for suppression of the videotape under 18 U.S.C. § 2515, and requested access to supporting affidavits presented for the determination of probable cause to support issuance of any warrant or authorization for the videotaping. Def. Mot. to Suppress Videotape, pp. 2-3. [Docket No. 168]. Section 2515 is part of Title I of the Electronic Communications Privacy Act of 1986, Pub.L. No. 99-508, Title I, 100 Stat. 1851, which regulates the interception of wire, oral and electronic

communications. 18 U.S.C. § 2510-22 (2000).[6]  Warrantless electronic surveillance will not violate Title III or the Fourth Amendment if the interceptor is a party to the conversation or one of the parties has given prior consent to the interception. See 18 U.S.C. § 2511(2)(c) ("[i]t shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception").  "Thus, when a law enforcement officer or government informant participates in a conversation and records the conversation without prior judicial authorization, the evidence is admissible." 36 Geo. L.J. Ann. Rev. Crim. Proc. (2007), p. 156, n. 467 (citations omitted).  See also United States v. Corona-Chavez, 328 F.3d 974, 978-980 (8th Cir. 2003) (electronic evidence found admissible where informant consented to recording phone conversation and videotaping meeting with defendant).  Here, the CI consented to the videotaping.  Consequently, Ladoucer's motion to suppress the videotape surveillance on Title III grounds should be denied.

Turning to the portion of Ladoucer's motion requesting production of the videotape of the storefront, if indeed the Government did not produce the videotape to Ladoucer's former counsel in response to his motion Discovery and Inspection of Products and Records of Electronic Surveillance [Docket No. 29], then a copy of the videotape should be delivered to Ladoucer.  If, on the other hand, his former counsel did obtain a copy of this video recording, Ladoucer should obtain this recording from the attorneys.  Therefore, insofar as Ladoucer's motion requests a copy of the videotape

---

[6] Title I amended Title III of the Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. No. 90-351, 82 Stat. 212.

and it has not been previously produced to his former counsel, the Court recommends that this portion of his motion be granted.

### RECOMMENDATION

For the reasons set forth above, it is recommended that:

1. Defendant Todd Richard Ladoucer's Motion to Dismiss Indictment due to Ineffective Counsel [Docket No. 83] be **DENIED**.

2. Defendant Todd Richard Ladoucer's Motion to Dismiss Indictment F.R.Cr.P. 12(b)(2) [Docket No. 84] be **DENIED**.

3. Defendant Todd Richard Ladoucer's Motion to Dismiss Indictment Due to Investigatory Misconduct and/or Prosecutory Misconduct [Docket No. 86] be **DENIED**.

4. Defendant Todd Richard Ladoucer's Motion to Dismiss Indictment Due to Misconduct Before the Grand Jury [Docket No. 93] be **DENIED**.

5. Defendant Todd Richard Ladoucer's 6(E)(11) - 12.(3)(A) - 12.(G) Motion to Dismiss Indictment [Docket No. 96] be **DENIED**.

6. Defendant Todd Richard Ladoucer's Motion to Suppress All Electronic, Video, Wire, Oral and Computer Evidence [Docket No. 149] be **DENIED** in part and **GRANTED** in part.

7. Defendant Todd Richard Ladoucer's Motion to Suppress Evidence [Docket No. 150] be **DENIED**.

8. Defendant Todd Richard Ladoucer's Motion to Dismiss Indictment [Docket No. 151] be **DENIED**.

9. Defendant Todd Richard Ladoucer's Motion to Suppress Videotape [Docket No. 168] be **DENIED** in part and **GRANTED** in part.

10. Defendant Todd Richard Ladoucer's Motion to Remove Surplussage [sic] from the Indictment in Additional Support of Motion to Dismiss [Docket No. 169] be **DENIED**.

11. Defendant Todd Richard Ladoucer's Motion to Dismissal of Indictment and All Related Charges [Docket No. 172] be **DENIED**.


Dated:      October 25, 2007


*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **November 9, 2007** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.