**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

                Plaintiff,            **MEMORANDUM OPINION AND ORDER**

    v.                             Criminal No. 07-165 ADM/JSM
                                        Civil No. 11-478 ADM

Todd Richard Ladoucer,

                Defendant.

___

Todd Richard Ladoucer, pro se.

Kimberly A. Svendsen, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

___

**I.  INTRODUCTION**

This matter is before the undersigned United States District Judge for consideration of Defendant Todd Richard Ladoucer's ("Ladoucer") Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 333] ("2255 Motion").  For the reasons set forth herein, Ladoucer's 2255 Motion is denied.  In addition, because the record conclusively shows that Ladoucer is not entitled to relief under § 2255, the motion is denied without a hearing.  See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

**II.  BACKGROUND**

On September 18, 2007, a second superseding indictment [Docket No. 104] was filed charging Ladoucer with (1) aiding and abettting the sale of a stolen firearm in violation of 18 U.S.C. § 922(j); (2) aiding and abetting the sale of a firearm to a prohibited person in violation of 18 U.S.C. § 922(d); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Magistrate Judge Franklin L. Noel arraigned Ladoucer and appointed Paul Schneck

("Schneck") to represent him.

On August 17, 2007, Ladoucer filed a "Pro Se Motion for Ineffective Counsel and the need for a Different Attorney" and Schneck filed a motion to withdraw as attorney [Docket Nos. 78 and 77, respectively]. The Court granted the motion and directed the Federal Defender's office to appoint a different attorney for Ladoucer [Docket No. 79]. On August 23, 2007, Thomas C. Plunkett ("Plunkett") was appointed to represent Ladoucer [Docket No. 80].

In the weeks preceding the start of the trial, Ladoucer filed several pretrial motions including a "Pro Se Motion to Dismiss Indictment Due to Ineffective Counsel," "Pro Se Motion to Dismiss Indictment Due to Investigatory Misconduct and/or Prosecutory Misconduct," and a "Pro Se Motion to Dismiss Indictment Due to Misconduct Before the Grand Jury." [Docket Nos. 83, 84 and 86]. By letter dated September 10, 2007, the Court informed Ladoucer that he should advise his counsel of any motions he wanted filed so that counsel could take the appropriate action to ensure the motions were properly before the Court [Docket No. 95].

On September 12, 2007, Ladoucer again wrote the Court requesting that Plunkett be removed from the case and Ladoucer be permitted to proceed pro se [Docket No. 99].

On September 25, 2007, the Court held a status conference to rule on Ladoucer's request to represent himself. Ladoucer expressed his dissatisfaction with Plunkett and asked that Plunkett be removed from the case entirely. The Court informed Ladoucer that trial would start on November 13th, and that he had three options:

> The Court: . . . [T]here are basically three things that can happen on November 13th with regard to your representation . . . . You can represent yourself, you can have Mr. Plunkett represent you if you can work to some sort of agreement with him, or you can hire your own attorney, an independent attorney.

2

Status Conference Tr. [Docket No. 207] at 5.

After further complaining by Ladoucer about Plunkett's efforts on his behalf, the Court cautioned:

> The Court: . . . [D]o you realize that [if I relieve Plunkett and] you can't hire an attorney, you're going to have to go it alone?
>
> [Ladoucer]: If that's what I have to do, that's what I have to do.

Id. at 7.

The Court reminded him that two different, experienced attorneys had been appointed, and that Ladoucer had requested both attorneys be removed from the case. Ladoucer then confirmed his desire to terminate Plunkett's services and declined the Court's offer to change Plunkett's status to be an attorney advisor to Ladoucer.

> The Court: . . . [D]o you want me to retain [Plunkett] for awhile as an - -
>
> [Ladoucer]: Absolutely not, your Honor.
>
> The Court: - - attorney advisor? You want [Plunkett] totally removed from the case?
>
> [Ladoucer]: Totally, yes.

Id. at 9.

The Court again warned:

> The Court: . . . [I]t's not my job to advise or counsel you. I can tell you that a lot of defendants that try to represent themselves pro se often wish they hadn't.

Id. at 12.

Then, on two separate occasions, the Court apprised Ladoucer that trial would begin on November 13th with Ladoucer represented by an independent attorney or proceeding pro se.

3

> The Court: Mr. Ladoucer, I just want to make sure . . . . You're going to either be proceeding *pro se* or if you retain counsel, which I said is my hope, then you'd have somebody here on your behalf.
>
> If you do retain counsel, it's very important that you do so soon, because the trial date is going to be November 13th. That gives somebody time to prepare, but I'm not going to continue it because you find somebody on November 1st or something. That date is going to happen.
>
> . . .
>
> The Court: . . . The matter will go to trial on November 13th with you representing yourself *pro se*, or if you have retained counsel, you should have that counsel notify both [the assistant United States attorney] and the Court as soon as possible.

Id. at 14, 15.

On November 13, 2007, at the start of the trial, the following exchange occurred:

> The Court: Mr. Ladoucer, as you know, today is the day for purposes of trial. We have taken up previously the issue of your representation and it's my understanding that you are proceeding as an attorney.
>
> [Ladoucer]: Correct.
>
> The Court: So we will proceed to trial then as was your desire to proceed on your own, having discharged your two other attorneys.
>
> [Ladoucer]: It's not my desire, your Honor. I don't wish to represent myself. I just didn't have a choice in the matter.
>
> The Court: Okay.
> . . .
>
> The Court: It is clear, however, you've had two public defenders that I've appointed and you've discharged them both, correct?
>
> [Ladoucer]: Yes.
>
> The Court: . . . [U]sually I have an attorney advisor, but you

4

>indicated to me that you didn't want Mr. Plunkett in any capacity to be in the courtroom.
>
>[Ladoucer]: Mr. Plunkett threatened to mess up my case, your Honor.

Trial Tr. [Docket No. 343] at 4-5.

After the trial, the jury found Ladoucer guilty on all counts. On November 27, 2007, Ladoucer filed a "Pro Se Motion for Acquittal/New Trial" [Docket Nos. 240 and 241] and the Court assigned Paul Engh ("Engh") to represent Ladoucer in post-trial proceedings. On May 14, 2008, Engh filed an "Amended Motion for a New Trial." [Docket No. 283]. On September 12, 2008, the Court held an evidentiary hearing on the motion for a new trial. At the end of that hearing, the Court denied the motion for a new trial and sentenced Ladoucer to 96 months' imprisonment.

Engh filed a direct appeal arguing: (1) Ladoucer did not voluntarily and knowingly waive his right to counsel; (2) Ladoucer's Sixth Amendment right to compulsory process was violated when a witness he wanted to testify failed to appear; (3) the Government committed a Brady violation by failing to produce a transcript of an unrelated state court proceeding involving one of the witnesses; (4) the Court erred by denying funding for an expert witness to examine the authenticity of audio and videotaped evidence; and (5) the jury should have received a cautionary instruction with respect to the credibility of two witnesses and a limiting instruction regarding a co-defendant's guilty plea. The Eighth Circuit reached the merits of each of these issues and affirmed the judgment of this Court in all respects. United States v. Ladoucer, 573 F.3d 628, 633-38. The Supreme Court denied Ladoucer's petition for a writ of certiorari on February 22, 2010. Ladoucer v. United States, 130 S. Ct. 1544 (2010).

On February 25, 2011, Ladoucer filed the current 2255 Motion arguing ineffective assistance of his appellate counsel [Docket No. 333].

## III.  DISCUSSION

### A.  Standard of Review

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence.  See United States v. Addonizio, 442 U.S. 178, 184-85 (1979).  A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).  "A single, self-serving, self-contradicting statement is insufficient to render the motion, files and records of [a] case inconclusive . . . ."  Halloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992).

### B.  Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  Courts employ a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  Id.  If a defendant

fails to establish prejudice as required by the second part of the Strickland test, a court need not address whether the attorney's representation was objectively reasonable. Apfel, 97 F.3d at 1076.

Ladoucer states that he instructed his appellate counsel to raise a variety of issues on appeal, and his attorney did not do so, amounting to ineffective assistance of counsel. The issues counsel allegedly failed to raise include: (1) Ladoucer was forced to proceed pro se; (2) Ladoucer's base offense level was improperly calculated; (3) alleged government misconduct; (4) the photo identification procedure used by law enforcement was impermissibly suggestive; (5) the government tampered with evidence; and (6) certain witness testimony was improperly excluded.

"[A]ppellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 288 (2000). Counsel will frequently "winnow out" weaker claims to focus on those more likely to prevail. Smith v. Murray, 477 U.S. 527, 536 (1986). There is a presumption that appellate counsel is effective, which can only be overcome if an attorney ignores issues "clearly stronger than those presented." Link v. Al Luebbers, 469 F.3d 1197, 1205 (8th Cir. 2006).

To show that his attorney was deficient in failing to raise the above claims on appeal, Ladoucer must show a reasonable likelihood that, but for the attorney's error, the result on appeal would have been different. Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). In this case, each of the issues Ladoucer asserts fails on the merits. As a result, counsel's decision not to raise them on appeal could not have been prejudicial to Ladoucer. Thus, Ladoucer cannot

prevail on his constitutional claim for ineffective assistance of counsel.

### 1. Ladoucer's Claim That He Was Forced to Proceed Pro Se

Ladoucer insists that he "definitely did not want to represent himself and that his waiver was not voluntary, or knowing or, intelligent." 2255 Motion at 7. The Eighth Circuit considered and rejected this argument on direct appeal. See Ladoucer, 573 F.3d at 633-34. "[I]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001). Therefore, Ladoucer cannot relitigate this issue through his 2255 Motion.

Ladoucer next argues that appellate counsel failed to raise the issue that the Court refused to grant him a new attorney at the start of the trial. Even if this issue had been raised on appeal, however, the result would have been the same.

Ladoucer was initially represented by Schneck. At Ladoucer's request, the Court terminated Schneck's services, appointed a second attorney, Plunkett, and continued the trial date to permit Plunkett the opportunity to prepare the case. At the September 25, 2007 status conference, Ladoucer requested Plunkett's services also be terminated and decided to represent himself. At the status conference, the Court warned Ladoucer multiple times that trial would begin on November 13, 2007, and that if he was unable to retain counsel, he would have to proceed pro se. Even if one were to construe Ladoucer's expressed reluctance on the morning of trial to proceed pro se as a request for another attorney, it would have required another continuance and was, therefore, not timely.

"District courts have broad discretion in ruling on motions for continuances." United States v. Weisman, 858 F.2d 389, 391 (8th Cir. 1988). Indeed, "the district court's discretion is

at its zenith when the issue is raised close to the trial date." United States v. Whitehead, 487 F.3d 1068, 1071 (8th Cir. 2007). Ladoucer's statement he didn't "wish to represent myself" on the first day of trial was an effort to frustrate and delay the proceedings further. Given Ladoucer's past difficulties with Schneck and Plunkett, there was no reason to believe that a third attorney would be any more satisfactory to Ladoucer. After having already granted Ladoucer's request to terminate the services of two attorneys, and having clearly established that trial would begin on November 13th, the Court's decision to honor Ladoucer's previous decision to proceed pro se was not unreasonable. See Meyer v. Sargent, 852 F.2d 1110, 1113 (8th Cir. 1988) (quoting United States v. White, 529 F.2d 1390, 1393 (8th Cir. 1976)) (a defendant cannot "manipulate his right [to counsel] for the purpose of delaying and disrupting the trial."); Tuitt v. Fair, 822 F.2d 166, 172 (1st Cir. 1987) (stating that last minute requests for new counsel must not be allowed to become a tactic for delay); Urquhart v. Lockhart, 726 F. 2d 1316, 1319 (8th Cir. 1984) (stating that the "orderly administration of justice" is a factor in determining whether to grant or deny a request for a continuance). The Eighth Circuit has routinely upheld trial courts' decisions to deny eleventh-hour requests for new counsel and continuances. See Whitehead, 487 F.3d at 1071; see also United States v. Armstrong, 112 F.3d 342, 344-45 (8th Cir. 1997); United States v. Vallery, 108 F.3d 155, 157 (8th Cir. 1997); Urquhart 726 F. 2d 1316, 1319 (8th Cir. 1984). Thus, this Court's refusal to grant Ladoucer a new attorney was well within its discretion. As a result, this basis for Ladoucer's claim that appellate counsel was ineffective lacks merit.

**2. Ladoucer's Claim That the Base Offense Level Was Improperly Calculated**

Ladoucer claims that appellate counsel was ineffective for failing to challenge the

9

Court's computation of Ladoucer's base offense level. Ladoucer concedes that he was convicted of a crime of violence on November 30, 1990, but argues that this prior conviction should have been excluded for the purpose of calculating his criminal history. Ladoucer does not dispute that he was released from custody on November 30, 1992 nor that the offense conduct in the instant case began at least by October 26, 2006. Application Note 1 of the United States Sentencing Guidelines states, "a sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period." Since Ladoucer's incarceration for his prior conviction extended until November 30, 1992, it falls within the qualifying time period. As such, Ladoucer's base offense level was correctly calculated, and no prejudice resulted from appellate counsel's failure to raise this issue.

Ladoucer also argues that no upward departure was warranted in his case. The guidelines range for a defendant with a criminal history category of VI with 28 prior criminal history points is 84 to 105 months, a supervised release period of two to three years, a fine between $7,500 and $75,000, and a special assessment of $300. Contrary to Ladoucer's assertion, the Court sentenced Ladoucer to 96 months' imprisonment, which is within the guidelines range. Thus, there was no upward departure and counsel's failure to raise this issue on appeal was not ineffective.

### 3. Ladoucer's Claims of Government Misconduct

Ladoucer claims that his counsel was ineffective for failing to raise the issue of government misconduct. Ladoucer merely accuses the government of numerous violations, yet presents no evidence in support. Ladoucer's vague, self-serving assertions alone cannot support a claim that his counsel was ineffective for failing to raise the alleged violations.

### 4. Ladoucer's Claim That the Photo Identification Procedure Was Impermissibly Suggestive

Ladoucer's next argument is that his appellate counsel was ineffective for failing to raise the issue that the photo identification procedure used by law enforcement was impermissibly suggestive. This issue was previously considered and rejected. Order [Docket No. 171] at 11-13. Thus, Ladoucer's counsel was not ineffective for choosing to forego an issue that had already been twice rejected, first by Magistrate Judge Janie S. Mayeron and again by this Court. See Smith, 477 U.S. at 536 (choosing not to raise weaker claims on appeal is acceptable).

### 5. Ladoucer's Claim That the Government Tampered With Evidence

Ladoucer asserts that his appellate counsel was ineffective because he did not investigate or argue on appeal that the audio and videotaped evidence introduced by the government may have been altered in a manner that would call into question its authenticity. However, Ladoucer has articulated no basis for his bald assertion that the evidence was somehow compromised. As this argument has no merit, appellate counsel could not have been ineffective by failing to raise it.

### 6. Ladoucer's Claim That Certain Witness Statements Should Not Have Been Excluded

Ladoucer's final ground for relief asserts that his appellate counsel should have argued that certain, unspecified witness statements should have been presented at trial. Ladoucer does not enumerate the content of these witness statements but attaches a copy of two incident reports written by police officers assigned to the investigation. One of these police reports appears to be the report counsel argued on direct appeal was improperly excluded and which the Eighth Circuit considered and held was properly excluded. Ladoucer, 573 F.3d at 635-36. The other police

11

report Ladoucer sought to introduce also included hearsay and no hearsay exception applied that would permit the report to be introduced into evidence. As a result, counsel was not ineffective for failing to argue that the Court erred by excluding the report.

## C. Actual Innocence

To the extent Ladoucer proffers a claim of actual innocence, that claim is denied. To prove actual innocence a defendant must show, in light of all the evidence, that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995). Ladoucer appears to argue that the government disposed of or withheld evidence that would prove his innocence. However, Ladoucer fails to specify what evidence exactly would demonstrate his actual innocence.

Ladoucer received a fair trial and sentence, both of which were in accord with all applicable laws. As discussed above, Ladoucer has failed to show that his appellate counsel provided constitutionally ineffective representation. Therefore, his 2255 Motion fails.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 motion differently, or that any of the issues raised in Ladoucer's petition would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Ladoucer's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 333] is **DENIED**;

(2) a certificate of appealability shall not issue; and

(3) Ladoucer's requests to take judicial notice that he "is a citizen of Minnesota" and a "United States Citizen . . . entitled to the protections of the United States Constitution" [Docket Nos. 338 and 339, respectively] are **DENIED** as unnecessary.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 6, 2011.