**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

  v.                                   **MEMORANDUM OPINION**

                                        **AND ORDER**

Todd LaDoucer,                         Case No. 07-cr-165(1) ADM/JSM

        Defendant.

Todd LaDoucer, pro se.

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for a ruling on Todd LaDoucer's ("LaDoucer") Pro Se Rule 60(b) Motion for Judicial Cognizance of Void Judgment [Docket No. 375] ("Motion"). LaDoucer contends that the Court lacked jurisdiction over him when his crime was adjudicated. Specifically, LaDoucer argues Public Law 80-772 and 18 U.S.C. § 3231, which confer criminal jurisdiction upon federal district courts, were never enacted into law, are unconstitutional, and therefore void. Based on a review of the file, record and proceedings herein, LaDoucer's Motion is denied.

## II. BACKGROUND

On November 19, 2007, a jury found LaDoucer guilty of one count of aiding and abetting the sale of a stolen firearm in violation of 18 U.S.C. § 922(j), one count of aiding and abetting

the sale of a firearm to a prohibited person in violation of 18 U.S.C. § 922(d), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Jury Verdict [Docket No. 233]. LaDoucer was sentenced to ninety-six months in prison and three years of supervised release. Sentencing [Docket No. 320]. The United States Court of Appeals for the Eighth Circuit affirmed the decision. United States v. LaDoucer, 573 F.3d 628 (8th Cir. 2009). The Supreme Court denied the petition for a writ of certiorari. LaDoucer v. United States, 130 S.Ct. 1544 (2010).

On February 25, 2011, LaDoucer filed a Motion to Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 333] ("2255 Motion"). The Court denied the 2255 Motion and the United States Court of Appeals for the Eighth Circuit affirmed the decision [Docket Nos. 360 & 368]. On May 7, 2012, LaDoucer filed the instant motion.

### III. DISCUSSION

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. LaDoucer contends his conviction and sentence are void because Congress did not properly enact 18 U.S.C. § 3231 into law in 1948. Mot. at 10. LaDoucer's claim is without merit because it is untimely and because 18 U.S.C. § 3231 is properly enacted law.

LaDoucer strains to construe the instant action as arising under Rule 60(b)(6) and (4). Although LaDoucer frames his Motion as arising under Rule 60(b)(6) and (4), our previous holdings establish the permissibility of this Court to view the Motion as arising under 28 U.S.C. § 2255. See Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996) (construing a Rule 60(b)

motion filed subsequent to a § 2255 motion as an unauthorized successive petition for habeas corpus relief). A Rule 60(b) motion raising issues that were raised or could have been raised in a prior § 2255 motion, is to be viewed as a successive § 2255 motion. United States v. Matlock, 107 Fed.Appx 697, 698 (8th Cir. 2004).

The instant Motion raises issues which could have been properly raised in LaDoucer's February 25, 2011 § 2255 motion. It appears LaDoucer styled the title of this Motion to avoid the authorization requirement placed on second or successive § 2255 motions. 28 U.S.C. § 2244(b)(3). LaDoucer contends the District Court lacked proper jurisdiction to hear and render a verdict in his case. Mot. at 3-4. The appropriate mechanism for attacking the jurisdiction of a court is 28 U.S.C. § 2255. It has consistently been held that inmates may not avoid the authorization requirement of 28 U.S.C. § 2244(b)(3) by construing motions in an alternate fashion. U.S. v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002). LaDoucer has not requested authorization from the Eighth Circuit Court of Appeals to file a second § 2255 motion. Simply naming a § 2255 by another name does not change its sum and substance.[1] Therefore, this Motion is an unauthorized successive petition for habeas corpus relief. Even decided on its merits, the instant Motion fails because it is untimely and the federal district courts have proper jurisdiction pursuant to 18 U.S.C. § 3231.

---

[1] "What's in a name? That which we call a rose / By any other name would smell as sweet . . ." William Shakespeare, Romeo and Juliet, act II, sc. 2, l. 43-44.

### A. Time Limits

First, LaDoucer's motion is untimely. Under Rule 34 of the Federal Rules of Criminal Procedure, the defendant must move the court to stay judgment for lack of jurisdiction within fourteen days of accepting a guilty verdict. Fed. R. Crim. P. 34(a)(2), (b). LaDoucer's Motion, brought over four years after his 2007 conviction, is well beyond the fourteen-day limit and accordingly must fail.

Similarly, a prisoner may seek relief under § 2255 "upon the ground . . . that the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). However, a prisoner must move for relief within one year after the underlying judgment of conviction became final. Id. § 2255(f)(1). LaDoucer's conviction became final on February 22, 2010, when the Supreme Court denied a writ of certiorari. LaDoucer, 130 S.Ct. at 1545. LaDoucer filed the instant motion on May 7, 2012. As such, this motion is barred by the one-year statute of limitations. See 28 U.S.C. § 2255(f)(1).

Additionally, § 2255 offers a remedy to "a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). However, a § 2255 petition is not a substitute for direct appeal and claims which could have been raised on direct appeal are procedurally barred. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000). If a petitioner is to avoid this procedural default, he must "show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1996) (citation omitted). Here, LaDoucer's claim could have been raised on direct

appeal, but was not. LaDoucer claims this Motion is based on newly discovered evidence, allowing it to survive this initial procedural hurdle. The facts LaDoucer alleges, however, even if taken as true, have been readily discoverable for over sixty years. The alleged defects with the passage of 18 U.S.C. § 3231 are purported to have occurred at the time of its passing, in the year 1948. Therefore, LaDoucer's claim of newly discovered evidence is utterly without merit. Accordingly, his claim is procedurally barred under § 2255.

### B. Enrolled-Bill Doctrine

Even if LaDoucer's claim could have survived the procedural bar, it fails on the merits. "This is one of the jailhouse lawyers' arguments *du jour*." United States v. Schultz, Nos. 03-CR-08(02), 06-CV-5020, 2007 WL 2872387, at *2 (D. Minn. Sept. 26, 2007). "It has never been accepted, and will not be accepted here." Id. 18 U.S.C. § 3231 grants the federal courts original and exclusive jurisdiction over federal crimes. See United States v. Foster, 443 F.3d 978, 981 (8th Cir. 2006) (holding that charging a defendant with offenses against the laws of the United States provided the district court with statutory jurisdiction).

Furthermore, "[t]he enrolled-bill doctrine precludes judicial inquiry into the validity of an enrolled bill: a bill certified by the Speaker of the House and President pro tempore of the Senate." United States v. Lemon, Crim. No. 08-246, 2011 WL 3347846, at *2 (D. Minn. Aug. 1, 2011) (citing Marshall Field & Co. v. Clark, 143 U.S. 649, 672 (1892)). When the President signs an enrolled bill, "its authentication as a bill that has passed congress should be deemed complete and unimpeachable." Clark, 143 U.S. at 672. "The Act of June 25, 1948, was properly enrolled and signed by President Truman [and therefore] is beyond judicial challenge." Lemon,

5

2011 WL 3347846, at *2 (citations omitted).  Because the enrolled-bill doctrine precludes inquiry into the validity of 18 U.S.C. § 3231, LaDoucer's Motion fails.

### IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that LaDoucer's Motion for Judicial Cognizance of Void Judgment [Docket No. 375] is **DENIED**.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE


Dated:  June 12, 2012.