# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Todd Richard Ladoucer,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal Case No. 07-165 (1)  ADM/JSM
Civil Case No. 15-4222 ADM

---

Kimberly A. Svendsen, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Todd Richard Ladoucer, *pro se.*

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Todd Richard Ladoucer's ("Ladoucer") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 424] and Motion to Proceed In Forma Pauperis and Request Appointment of Counsel [Docket No. 431]. The Government responds with a Motion to Dismiss [Docket No. 427]. For the reasons set forth below, Ladoucer's Motions are denied and the Government's Motion is granted.

## II. BACKGROUND

On October 15, 2015, this Court sentenced Ladoucer to eight months imprisonment for violating the conditions of his supervised release. See Sentencing J. [Docket No. 419]. During his incarceration at Sherburne County Jail, Ladoucer filed the instant § 2255 Motion on November 23, 2015. See generally Mot. Under 28 U.S.C. § 2255. Ladoucer argues he is

entitled to release and monetary relief because of inhumane conditions he suffered at the Sherburne County Jail.  Specifically, Ladoucer alleges Sherburne County Jail employees deprived him of his medications and that, upon complaining on the quality of food, jail employees served him the same meal every day.  Id. at 1–3.  On November 22, 2015, Ladoucer was transferred to FCI Greenville.  Mot. Dismiss [Docket No. 427] 2.

### III.  DISCUSSION

**A.  Standard for Relief Under 28 U.S.C. § 2255**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  A prisoner is entitled to an evidentiary hearing on a § 2255 motion; however, a hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

**B.  Subject Matter Jurisdiction**

The Government argues that the issues raised in Ladoucer's Motion are now moot as he has been transferred to the FCI Greenville facility.  See Mot. Dismiss at 2.  Additionally, the Government contends that this Court lacks subject matter jurisdiction because 28 U.S.C. § 2255

allows a prisoner the opportunity to challenge the fact or duration of their confinement, not conditions experienced during a prisoner's confinement. Id. Ladoucer responds that this Court has jurisdiction under 28 U.S.C. § 2255 (a)–(b), and he further claims that the medication issue persists at FCI Greenville. See Mot. Under 28 U.S.C. § 2255 ¶¶ 1(b), 2(d).

The Government is correct that the Court lacks subject matter jurisdiction as Ladoucer's claims here are not cognizable under § 2255. Section 2255 "established subject matter jurisdiction for the enumerated claims in the statute, which relate to the legality of the sentence." See Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). Thus, § 2255 allows a petitioner to challenge the validity of a sentence itself. Here, the gravamen of Ladoucer's Motion is the conditions he is experiencing while incarcerated; he raises no challenges to the constitutionality or legality of his sentence. As such, his claims are not cognizable pursuant to § 2255 and his Motion must be dismissed for lack of subject matter jurisdiction. Because the court lacks jurisdiction, it need not evaluate the Government's mootness argument.[1]

## IV. CERTIFICATE OF APPEALABILITY

The Court will not issue a certificate of appealability. A court may grant a certificate of appealability only where the defendant has made a substantial showing of the denial of a

---

[1] The Court lacks subject matter jurisdiction for the additional reason that Ladoucer has previously filed a § 2255 motion with this Court, which was denied. See Mot. Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 333]; Mem. Op. Ord. [Docket No. 360]. Section 2255 states that a petitioner is required to seek approval from the court of appeals prior to filing a second or successive motion. See 28 U.S.C. § 2255(h). Ladoucer failed to do so here. Accordingly, this Court lacks subject matter jurisdiction because Ladoucer filed his successive petition without seeking approval from the Eighth Circuit. See Boykin v. United States, 242 F.3d 373, 2000 WL 1610732, at *1 (8th Cir. Oct. 30, 2000) (unpublished decision) (finding that a district court lacked jurisdiction to entertain a second § 2255 when the petitioner failed to first obtain approval from the Eighth Circuit).

constitutional right.  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this motion differently, or that any of the issues raised in the motion would be debatable among reasonable jurists.

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Todd Ladoucer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 424] is **DENIED** and the Government's Motion to Dismiss [Docket No. 427] is **GRANTED**.  Because LaDoucer is not entitled to relief, his application to proceed *in forma pauperis* and seeking appointment of counsel [Docket No. 431] is denied as moot.  A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 14, 2016.